## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Daisy Santana | ) | |
| | ) | Case No. 14-26471 |
| | ) | |
| Debtor | ) | Judge Jack B. Schmetterer |

### NOTICE OF AMENDED MOTION

To: See attached service list

**PLEASE TAKE NOTICE** that on **Thursday November 19, 2015** at the hour of **10:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before Judge Schmetterer in Courtroom 680 of the United States Bankruptcy Court, Everett McKinley Dirksen Building, 219 S. Dearborn St., Chicago, Illinois, or any other judge sitting such judge's place and stead, and shall then and there present the attached, **MOTION FOR FINAL DECREE AND ENTRY OF DEBTOR'S DISCHARGE**, a copy of which is attached hereto and is hereby served upon you. You may appear and be heard if you choose.

By: /s/Karen J. Porter
Karen J. Porter (Atty No 6188626)
**PORTER LAW NETWORK**
230 West Monroe, Suite 240
Phone: 312-372-4400
Fax: 312-372-4160

### CERTIFICATE OF SERVICE

I, Karen J. Porter, an attorney, certify that I caused a true and correct copy of this Notice and Motion to be served on the attached service list as indicated on the attached service list from my offices located at 230 West Monroe, Suite 240, Chicago, Illinois, 60606 on November 13, 2015.

/s/Karen J. Porter

**Daisy Santana**
**Case No.: 14-26471**
**Service List**

Via regular mail

For Bank of America:
Gary G. Lynch
One Bryant Park
New York, NY  10036

For Bank of America:
Brian T. Moynihan
100 North Tryon St.
Charlotte, NC  28255

For Comerica Bank:
D.J. Culkar
Senior Vice President and General Counsel
Comerica Incorporated
1717 Main Street, Suite 2100
Dallas, TX  75201

For Comerica Bank:
John W. Bilstrom
Executive Vice President and Secretary
Legal Affairs
Comerica Bank
1717 Main Street
Dallas, TX  75201

For Nationstar Mortgage LLC:
Keith Levy
Manley, Deas, Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

ComEd
Attn: Bankruptcy Section
3 Lincoln Center
Oak Brook Terrace, IL 60181

Capital One, N.A
By American InfoSource LP as agent
PO Box 71083
Charlotte, NC 28272-1083

For BMO Harris Bank:
Daniel Rubin
Howard and Howard
200 S. Michigan Ave., Suite 1100
Chicago, IL 60604

Capital One, N.A.
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355-0701

For U.S. Bank National Association:
Peter Bastianen
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527

For Green Tree Servicing, LLC:
Toni Townsend
Pierce & Associates
One North Dearborn, Suite 1300
Chicago, IL 60602

For the United States Trustee:
Denise DeLaurent
219 S. Dearborn St., Room 873
Chicago, IL 60604

Guadalupe Caldera
2946 North Normandy
Chicago, IL 60634

Sammy Kleit
5257 West Warner
Chicago, IL 60641

Best Buy
Capital One Retail
P.O. Box 71106
Charlotte, NC 28272

Capital One Bank (USA), N.A.
Attn: Bankruptcy Department
P.O. Box 30285
Salt Lake City, UT 84130

Chase Bank USA, N.A.
201 North Walnut Street
Wilmington, DE 19801

Citibank, N.A.
Re: Kohl's
701 East 60th Street North
Sioux Falls, SD 57104

People's Gas
Attn: Bankruptcy
130 E. Randolph, 14th Floor
Chicago, IL 60601

Luz Johnson
2934 North McVicker
Chicago, IL 60634

Raheed Awadallah
2916 North New England
Chicago, IL 60634

Sears
P.O. Box 183082
Columbus, OH 43218

Johnson, Blumberg & Associates
Re: 2014 CH 06673
230 West Monroe St., Suite 1125
Chicago, IL 60606

Daisy Santana
5257 W. Warner
Chicago, IL 60641

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Daisy Santana | ) | |
| | ) | Case No. 14-26471 |
| | ) | |
| Debtor | ) | Judge Jack B. Schmetterer |

### AMENDED MOTION FOR FINAL DECREE
### AND ENTRY OF DEBTOR'S DISCHARGE

Daisy Santana (the "Debtor") debtor and debtor in possession herein, by and through their undersigned attorney, moves this honorable court pursuant to 11 U.S.C. §§ 350(a); 1141(d)(4) to enter a final decree; grant the Debtor a discharge and close the chapter 11 case. In support thereof, Debtor respectfully states as follows:

1. Debtor commenced a voluntary chapter 11 bankruptcy case (the "Case") by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 *et seq.* (the "Bankruptcy Code") on July 18, 2014 in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court").

2. This court has subject matter jurisdiction to grant the relief requested in this Motion and to enter a final order granting that relief as a core proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §1409.

3. On September 24, 2015, the Court entered an Order Confirming Chapter 11 Plan. On October 8, 2015, the Order Confirming Chapter 11 Plan became final.

4. The Debtor made the following payments to the following creditors under the Plan on the Effective Date and the Disbursement Date provided by the Plan.

    A.    Debtor paid Harris Bank $1920.00 on account of its Class Two Claim.

    B.    Debtor paid Harris Bank $25.00 on account of its Class Three Claim.

    C.    Debtor paid Nationstar Mortgage $952.00 on account of its Class Four Claim.

    D.    Debtor paid U.S. Bank $1025.00 on account of its Class Five Claim.

    E.    Debtor paid Green Tree Servicing $1023.00 on account of its Class Six Claim.

    F.    Debtor paid Class Nine creditors a total of $31,252.57.

    G.    Debtor paid US Trustee's fees in the amount of $650.00.

5.    All fees due to the United States Trustee have been paid.

6.    All property proposed by the Plan to be transferred has been transferred.

7.    There are no objections to claims pending. There are no open adversary proceedings or other contested matters.

8.    Debtor made the disbursement to Class Nine Unsecured Creditors provided for by the Plan. Debtor paid Class Nine Creditors twenty percent of their claims and the total amount of $31,252.57. There are no further payments due to Class Nine Unsecured Creditors

9.    This chapter 11 estate has been fully administered.

10.    Bankruptcy Rule 3022 provides that: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case. Section 350(a) of the Code provides that: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

11.    Debtor request that the court enter a final decree.

12. Section 1141(d)(5)(A) of the Code provides for an individual debtor that the court may grant the Debtor a discharge after the completion of the plan payments and provided the court finds that Section 1141(d)(C)(i),(ii) do not apply.

13. Section 1141(d)(5)(B) provides that the court may grant a discharge after confirmation of the plan to a Debtor that has not completed payments under the plan provided the requirements of section 1141(d)(5)(B) and (C) are met.

14. Debtor has satisfied the procedural requirements for a discharge after the confirmation of the plan. Notice of the hearing on the Debtor's motion for entry of final decree and for the entry of a discharge has been sent to all of the Debtor's creditors. See, *In re Draiman*, 450 B.R. 777, 823 (Bankr. N.D. Ill 2011).

15. Cause exists for the court to grant the Debtor a discharge. The Plan has been confirmed. The order confirming the Plan is final. The Plan has been substantially consummated. The Unsecured Creditors have received a one-time distribution of twenty percent which is significantly more than the Unsecured Creditors would have received in a chapter 7 case. There are no additional payments to be made to Unsecured Creditors. Each of the Secured Creditors receiving long term payments of mortgage obligations retained its liens and its state law remedies against the Properties.

16. The court in *In re Sheridan*, 391 B.R. 287 (Bankr. E.D.N.C. 2008) granted an individual debtor a discharge after finding the debtor satisfied the procedural requirements. The court noted that section 1141(d)(5) did not provide specific examples of what constitutes cause to grant an individual an early discharge. The court found it persuasive that there was a likelihood the debtor would make all of the plan payments and the creditors received assurance in the form

of collateral that they would receive what the plan promised. On the other hand, the court would not grant the individual a discharge in *In re Beyer,* 433 B.R. 884 (Bankr. M.D. Fla 2009). The debtor had not made a single payment to unsecured creditors, the plan was not substantially consummated and the debtor had not indicated what properties he intended to keep or surrender.

17. There are no further payments to be made to Unsecured Creditors. Each of the secured creditors can resort to its collateral for payment in full. There is no need for the Debtor to modify her Plan. Cause exists for the court to grant the Debtor's request for a discharge.

18. Debtor requests that the clerk's office be directed to issue the Debtor a discharge.

19. Debtor requests that this case be closed after the Debtor receives her discharge.

WHEREFORE, Daisy Santana, debtor and debtor in possession herein, prays for an entry of an order entering a final decree, granting the Debtor a discharge and closing this chapter 11 case and for such other and different relief as this Court deems proper and just.

Respectfully submitted,
DAISY SANTANA
By: /s/ Karen J. Porter
One of her attorneys

Karen J. Porter
**PORTER LAW NETWORK**
230 West Monroe, Suite 240
Chicago, IL 60606
Phone: (312) 372-4400
Fax: (312) 372-4160
Atty No.: 6188626